UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**CORONELLA PROPERTIES, LLC**,                                     Chapter 7
    Debtor                                                                              Case No. 06-13886-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion Request to Court by Maryclare Flannery, Pro Se Party of Interest, Partner, and 50% Member of Debtor, Coronella Properties, LLC to Withdraw Its Order Dated November 19, 2010 Approving Trustee's Application for Authority to Employ Lynne F. Riley, Esq., and Riley Law Group, LLC as Successor Counsel in the Above Referenced Matters and Motion for a Hearing to Review this Request and Substantiating Documentation" (the "Motion"). The Chapter 7 Trustee filed a Response to the Motion. The Court had a hearing on the Motion and the Response on February 3, 2011 and took the matter under advisement. The material facts necessary to decide the Motion are not in dispute and neither party requested an evidentiary hearing.

The matter is a core proceeding. The Court now makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052

**II. FACTS**

Coronella Properties, LLC (the "Debtor") commenced a voluntary Chapter 11

1

petition on October 26, 2006. James Coronella ("Coronella") signed the petition as Manager. In its Statement of Financial Affairs, the Debtor indicated that it was a beneficiary of the 7 Beaver Dam Realty Trust and that Coronella and Maryclare Flannery ("Flannery") each held a 50% interest in the Debtor. The Debtor formerly operated an inn known as the Inn at Scituate Harbor, located at 7 Beaver Dam Road in Scituate, Massachusetts. Shortly after the commencement of the case, the Court authorized the Debtor to use cash collateral over the objection of its secured creditor, Scituate Funding, LLC. Two months after filing the petition, the Debtor filed a Motion for Authority to Borrow $70,000 from Flannery pursuant to 11 U.S.C. § 364, on an as needed basis to cover projected operating losses during the Debtor's slow season. The Court granted the motion on January 4, 2007.

On September 17, 2007, the Debtor, Coronella, and 7 Beaver Dam Realty Trust (the "Plaintiffs"), by and through Stephen Gordon, Esq., commenced an adversary proceeding against Scituate Funding, LLC (Adv. P. No. 07-1362). The eleven-page Complaint contained no separate counts. Through the Complaint, the Plaintiffs sought, among other things, a declaration that a note, mortgage and loan agreement in favor of Scituate Funding, LLC be declared null and void, and sought damages, including attorneys' fees, pursuant to Mass. Gen. Laws ch. 93A. Although Scituate Funding, LLC filed an Answer, there was no activity in the adversary proceeding until December 20, 2010 when this Court scheduled a status conference.

On October 22, 2007, the Court authorized the appointment of a Chapter 11 Trustee,

2

and, the next day, the United States Trustee appointed Lynne F. Riley the Chapter 11 Trustee. On March 2008, the Trustee filed a Motion to Compel Compliance with Court Order and for Contempt against Coronella and Flannery for their failure to segregate deposits in a separate bank account for reservations at the Inn at Scituate Harbor and for Flannery's failure to fund operating shortfalls in accordance with Court orders. In settlement of that motion, while the Chapter 11 case was pending, Flannery and Coronella paid the Trustee the amount of $13,477.77 for the benefit of customers of the Inn at Scituate Harbor who had paid future room deposits or third parties who had done so on the behalf of customers. Additionally, they paid the Chapter 11 Trustee's fees in the amount of $8,000 and Flannery paid the Trustee $4,754.50 to be held in a segregated account. (*See* Stipulation and Order executed by Coronella and Flannery on April 9, 2008 and entered as an order of the Court on April 15, 2008).

On April 9, 2008, pursuant to the Chapter 11 Trustee's Motion to Convert, the Court converted the Debtor's Chapter 11 case to a case under Chapter 7. The conversion of the case to Chapter 7 followed the foreclosure sale of the Debtor's hospitality business and real property located at 7 Beaver Dam Road, Scituate, Massachusetts by Scituate Funding, LLC in February of 2008.[1]

Following the conversion, the Untied States Trustee appointed Lynne F. Riley the

---

[1] The Court granted Scituate Funding LLC's Motion for Relief from Automatic Stay on December 13, 2007. In the order, the Court prohibited Scituate Funding, LLC from conducting a foreclosure sale of real property located at 7 Beaver Dam Road sooner than February 3, 2008.

Chapter 7 Trustee. After her appointment, the Chapter 7 Trustee filed an Application for Order Authorizing Chapter 7 Trustee to Employ Counsel pursuant to which she sought the retention of Altman Riley Esher LLP as her counsel. The Court granted the Application on September 16, 2008.

The Chapter 7 Trustee moved for a bar date for Chapter 11 administrative expenses. After the bar date, Flannery filed a "Motion for Entry of Claim within Bar Date for Chapter 11 Expenses of Administrative Fees Paid by Loans Made by Maryclare Flannery," seeking the allowance of $85,600, including sums paid to the Debtor's Chapter 11 counsel, the late Stephan Shamban, Esq., sums paid to the Chapter 11 Trustee in January of 2008 in the amount of $17,000, and sums paid to other professionals. The Chapter 7 Trustee objected to the claim indicating that Flannery failed to provide sufficient documentation to support her request for reimbursement of administrative expenses. The Court on August 3, 2009 allowed Flannery a Chapter 11 approved an expense of administrative in the sum of $30,000. Despite the allowance of an administrative expense claim, Flannery has been disappointed with the outcome of the case, particularly as the Debtor's attempts to reorganize and to retain the inn failed.

On November 12, 2010, the Chapter 7 Trustee filed an Application to Employ the Riley Law Group LLC as Successor Counsel. The Court granted her Application seven days later on November 19, 2010.

On November 26, 2010, Flannery filed the present Motion. In her Motion, Flannery, in support of her request that this Court "withdraw its approval of the Application for

4

Employment of Successor Counsel," complained that Scituate Funding, LLC filed a proof of claim on March 16, 2007 and that the Chapter 7 Trustee has failed to request a hearing on the Debtor's objection to that claim, although "a hearing on the Debtor's Objection to the Creditor's Proof of Claim is in the best interest of the estate, the partners, and the members of the Debtor, Coronella Properties, LLC." Flannery also complained that the Chapter 7 Trustee had failed to do anything "to move the Adversary Proceeding [against Scituate Funding, LLC] forward, although "a trial or even a pre-trial in the Debtor's Adversary Proceeding against Scituate Funding is in the best interest of the estate, the partners, and the members of the Debtor, Cornella Properties, LLC." In addition, Flannery asserted that she was unable to obtain an accounting from the Chapter 7 Trustee and to obtain a lien against real property located at 7 Beaver Dam Road, Scituate, Massachusetts.

The Trustee, on December 6, 2010, filed a response to Flannery's Motion. Additionally, on the same day, she filed a "Trustee's Notice of Intent to Abandon Property." Pursuant to the Notice of Abandonment, the Trustee abandoned the bankruptcy estate's interest in the Debtor's action against Scituate Funding, LLC (Adv. P. No. 07-1362). The Trustee stated, that upon information and belief, Coronella and Flannery are representing themselves, pro se, defending litigation commenced by Scituate Funding, LLC in state court with respect to personal guaranties they provided to Scituate Funding, LLC. The Trustee served Flannery with the Notice of Intent to Abandon Property and, neither she nor any creditors filed an objection to the abandonment within 14 days of the date of the filing of the Notice. In her response to the Motion, the Chapter 7

5

Trustee also stated that the estate is administratively insolvent, meaning that the administrative expenses exceed the monies required to satisfy in full administrative expense claims. *See* 11 U.S.C. § 726(b); In re Chute, 235 B.R. 700 (Bankr. D. Mass. 1999). Additionally, the Trustee observed that the Motion is, in effect, an untimely motion for reconsideration in which Flannery failed to show that this Court erred in authorizing the employment of successor counsel because of newly discovered evidence or a manifest error of law. The Trustee added that she cannot "account" to Flannery because her accountant is preparing a final, year-end return for the bankruptcy estate and that she will, thereafter, be filing a final report and account with the United States Trustee.

**III. DISCUSSION**

The Court finds that Flannery's Motion is devoid of merit. With respect to the cause of action asserted by the Debtor against Scituate Funding, LLC, the Trustee has abandoned that action, which may well be moot in view of Scituate Funding, LLC's foreclosure sale of the property located at 7 Beaver Dam Road. Because the bankruptcy estate is administratively insolvent, the Chapter 7 Trustee has no funds with which to pursue the action and chose to abandon it instead. In the absence of a timely objection, that cause of action reverted to the Debtor limited liability company. *See* Fed. R. Bankr. P. 6007(a). Accordingly, the cause of action asserted by the Debtor, Coronella, and 7 Beaver Dam Realty Trust belongs to Coronella Properties, LLC, well as to Coronella, individually, and 7 Beaver Dam Realty Trust.

The court in In re Renaissance Stone Works, L.L.C., 373 B.R. 817 (Bankr. E.D. Mich.

2007), explained the concept of abandonment:

> Under 11 U.S.C. § 541(a)(1), "property of the estate," with certain exceptions not applicable here, is defined as "all legal or equitable interests *of the debtor* in property as of the commencement of the case." (Italics added). By definition, then, the effect of a trustee abandoning property of the estate under § 554 is simply that whatever legal or equitable interests the debtor may have had in the property are no longer included in the property of the bankruptcy estate. Abandonment does not and cannot convey to any third party any of the estate's (or the debtor's) legal or equitable interests in property. And abandonment of estate property under § 554 is different than a sale of estate property under Code § 363.
>
> Many cases hold that abandoned property reverts *nunc pro tunc* to its prepetition status as if no bankruptcy had been filed. *See, e.g.*, Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 617 (7th Cir. 2002)("[W]hen property of the bankrupt is abandoned, the title 'reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously.'")(quoting Wallace v. Lawrence Warehouse Co., 338 F.2d 392, 394 n. 1 (9th Cir. 1964)); Mason v. Commissioner of Internal Revenue, 646 F.2d 1309, 1310 (9th Cir. 1980)("When the court grants a trustee's petition to abandon property in a bankrupt's estate, any title that was vested in the trustee is extinguished, and the title reverts to the bankrupt, nunc pro tunc."); Bergeron v. Ross (In re Ross), 367 B.R. 577, 580 (Bankr. W.D. Ky. 2007)(quoting Dewsnup v. Timm ( In re Dewsnup), 908 F.2d 588, 590 (10th Cir.1990), *aff'd*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)), ("'[P]roperty abandoned under [section 554] ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed.'"); 3 Norton Bankruptcy Law and Practice 2d § 53:1 (William L. Norton, Jr., ed., June 2007)(same).
>
> The debtor's interest in the property abandoned may be subject to another party's possessory rights or security interest, who may enforce such interests under applicable non-bankruptcy law and procedure, once the automatic stay no longer applies. . . .

Renaissance Stone Works, 373 B.R. at 820-21.

With respect to Flannery's assertion that the Trustee should pursue the Debtor's objection to the proof of claim filed by Scituate Funding, LLC, such an action would serve

7

no purpose. Because the estate is administratively insolvent and there will be no dividend with respect to any potential unsecured deficiency claim which Scituate Funding, LLC may assert as a result of the foreclosure sale it conducted, the amount of that potential deficiency is irrelevant as there will be no distribution to unsecured creditors in this case. To the extent that the Trustee is correct and Scituate Funding, LLC is pursuing Flannery and Coronella as guarantors with respect to any potential deficiency, they can raise any defenses they may have, including those set forth in Adv. P. No. 07-1362 in the state court action.

Finally, to the extent Flannery seeks reconsideration of this Court's order authorizing the Chapter 7 Trustee to employ successor counsel, she has failed to set forth any newly discovered evidence. Additionally, she failed to establish that this Court's order was the result of a manifest error of law. *See* Fed. R. Civ. P. 60(b) (made applicable to this proceeding by Fed. R. Bankr. P. 9024). *See also* In re Wedgestone Financial, 142 B.R. 7 (Bankr. D. Mass. 1992).

**IV. CONCLUSION**

In view of the foregoing, the Court shall enter an order denying Flannery's Motion.

By the Court,

Joan N. Feeney

Dated: March 3, 2011                                  Joan N. Feeney
                                                      United States Bankruptcy Judge

8